MEMORANDUM **
Stephen Tillotson appeals the district court’s order granting summary judgment in favor of Bonnie Dumanis and the County of San Diego.[1] We affirm.
At oral argument, Tillotson’s counsel conceded the only claim presented in this appeal is Tillotson’s claim based on the alleged denial of his right to procedural due process.[2] ‘We analyze a procedural due process claim in two steps. [T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.” United States v, Juvenile Male, 670 F.3d 999, 1013 (9th Cir.2012) (internal quotation marks and citations omitted).
On the first step, “it is well-recognized that the pursuit of an occupation or profession is a protected liberty interest that extends across a broad range of lawful occupations.” Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 65 n. 4 (9th Cir.1994). But “the precise contours of that liberty interest remain largely undefined.” Dittman v. California, 191 F.3d 1020, 1029 (9th Cir.1999). Existing authority demands a showing of interference that approaches a “complete prohibition of the right to engage in a calling.” Conn v. Gabbert, 526 U.S. 286, 292, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999); see also Lowry v. Barnhart, 329 F.3d 1019, 1023 (9th Cir.2003).
At summary judgment, Tillotson did not point to evidence in the record establishing his placement on the Brady Index (“Index”) resulted in something close to a complete prohibition of his right to pursue his chosen profession. The record established Tillotson applied for, and was rejected from, a number of law enforcement positions in Southern California prior to his placement on the Index. And Tillotson pointed to only four positions he applied for but did not receive after his placement on the Index. Evidence of four rejections “fall[s] far short of [establishing] a complete prohibition” on Tillotson obtaining employment as a police officer. Lowry, 329 F.3d at 1023. Thus, Tillotson’s procedural due process claim does not survive the first step of the analysis.
Even if Tillotson had established deprivation of a protected liberty interest, sum *484 mary judgment was still appropriate based on the second step of the procedural due process analysis. That step requires we determine “whether the procedures attendant upon [the] deprivation were constitutionally sufficient.” Juvenile Male, 670 F.3d at 1018. We evaluate the process provided to Tillotson under the test set forth in Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). That test “instructs us to balance (1) the private interest affected by the official action; (2) the risk of erroneous deprivation and the probable value of additional procedural safeguards; and (3) the governmental interest, including the fiscal and administrative burdens of additional procedures.” Humphries v. Cnty. of Los Angeles, 554 F.3d 1170, 1193 (9th Cir.2009) (reversed on other grounds by Los Angeles Cnty. v. Humphries, 562 U.S. 29, 131 S.Ct. 447, 178 L.Ed.2d 460 (2010)).
On the first factor, Tillotson’s interest in pursuing his chosen profession is significant but not unlimited. See Conn, 526 U.S. at 291-92, 119 S.Ct. 1292 (holding “due process right to choose one’s field of private employment” is a “right which is ... subject to reasonable government regulation”). On the third factor, Defendants have a strong interest in fulfilling their Brady obligations. See, e.g., Amado v. Gonzalez, 734 F.3d 936, 948 (9th Cir.2013) (noting “prosecutors are constitutionally obligated to disclose” Brady material). And on the second and “perhaps most important, Mathews factor,” Tillotson did not present evidence of repeated errors regarding placement on the Index or evidence of a special need for additional safeguards. Humphries, 554 F.3d at 1194. Tillotson never presented an argument to the County challenging the committee’s decision to include his name on the Index. Because Tillotson did not take advantage of the limited process available to him, even viewing the evidence in the light most favorable to him, Tillotson cannot establish that the process' provided by Defendants were inadequate.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not recount them here.

. Also at oral argument, the Court requested supplemental briefing from Defendants to explain the delay in placing Tillotson on the Brady Index. Defendants submitted the supplemental brief and the Court has considered it.